UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AFFILIATED ORTHOPAEDIC SPECIALISTS, P.A. on assignment of KAREN G., <br><br> Plaintiff, <br><br> -against- <br><br> AETNA LIFE INSURANCE COMPANY, <br><br> Defendant. | Index No.: 19-cv-6229 <br><br><br> **COMPLAINT** |

Plaintiff Affiliated Orthopaedic Specialists, P.A. ("Plaintiff"), on assignment of Karen G., by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Aetna Life Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey medical practice registered to do business in the State of New Jersey with a principal place of business at 2186 State Highway 27, North Brunswick, New Jersey 08902.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue was provided to the assignor's spouses' employer and is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

**FACTUAL BACKGROUND**

4. Plaintiff is a medical practice comprised of physicians that specialize in orthopedic surgery.

5. On June 20, 2017, Plaintiff's physicians performed surgical treatment on Karen G. ("Patient"). (See, **Exhibit A**, attached hereto.)

6. The surgery was intended to treat radiculopathy, a condition that was impacting Patient's lumbar spine. *Id*.

7. At the time of Plaintiff's treatment of Patient, Patient was the beneficiary of an employer-based health insurance plan ("Plan") administered by Defendant.

8. Patient assigned her applicable health insurance rights and benefits to Plaintiff. (See, **Exhibit B**, attached hereto.)

9. After treating Patient, Plaintiff submitted two HCFA medical bills to Defendant, one representing charges for treatment performed by Plaintiff's primary surgeon, and one representing charges for treatment performed by Plaintiff's assistant surgeon. (See, **Exhibit C**, attached hereto.)

10. The charges associated with Plaintiff's primary surgeon were $82,726.00, in accordance with Plaintiff's usual and customary rate for primary surgery. *Id*.

11. The charges associated with Plaintiff's assistant surgeon were also $82,726.00. However, it was Plaintiff's expectation that the assistant surgeon charges would be reduced by 80% as that is the customary industry standard for assistant surgeon reimbursement. *Id*.

12. As an out-of-network medical practice, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members.

13. In response to Plaintiff's HCFA medical bills, Defendant issued payment in the total amount of $25,447.50, and applied an additional $4,000.00 towards Patient's co-insurance. (See, **Exhibit D**, attached hereto.)

14. The remaining $136,004.50 of Plaintiff's charges were not covered by Defendant. *Id*.

15. After adjusting for the industry standard 80% reduction in assistant surgeon charges, the total amount of Plaintiff's charges not covered by Defendant was $69,823.70.

16. Of the $69,823.70 in adjusted charges not covered by Defendant, $43,964.40 relate to Current Procedural Terminology ("CPT") Code 63047-59. Defendant denied payment for this CPT Code in its entirety. *Id*.

17. Pursuant to Plaintiff's explanation of benefits ("EOB"), Defendant denied CPT Code 63047-59 because the charge was for a "bilateral procedure and should not be billed with multiple units." *Id*.

18. On November 1, 2017, Plaintiff submitted a first level appeal to Defendant, via fax, dated October 18, 2017. The appeal challenged Defendant's denial of CPT Code 63047-59 and alleged that the Code should have been subject to separate reimbursement under the circumstances of Patient's treatment. (See, **Exhibit E**, attached hereto.)

19. Specifically, Plaintiff's appeal stated in part that "…attention was directed specifically to decompression of the traversing L4nerve root. This procedure is separate and distinct from the far lateral decompression of the exiting L3 nerve root. The patient underwent a 2-level decompression of the paracentral traversing nerve root, represented by Code 63047-59 and of the far lateral exiting left L3 nerve root, represented by Code 63057." *Id*.

20. Upon information and belief, Defendant never responded to Plaintiff's appeal dated October 18, 2017.

21. On January 31, 2018, Plaintiff re-submitted the appeal dated October 18, 2017, since Plaintiff had still not received a response from Defendant.

22. On March 7, 2018, Defendant submitted a response to Plaintiff's October 18, 2017 appeal, stating that the appeal would not be considered because it was not received timely. (See, **Exhibit F**, attached hereto.)

23. On May 24, 2018, Plaintiff submitted a second-level appeal to Defendant which, in part, challenged Defendant's assertion that the first-level appeal was not submitted timely. (See, **Exhibit G**, attached hereto.)

24. Specifically, the second-level appeal included fax confirmation showing that the first-level appeal was submitted on November 1, 2017 and was therefore timely. *Id*.

25. In addition, the second level appeal included a reference number to a phone conversation with a representative of Defendant, in which the representative confirmed that the first-level appeal was received timely. *Id*.

26. Upon information and belief, Defendant never responded to Plaintiff's second-level appeal.

27. As noted earlier, of the $69,823.70 in adjusted charges not covered by Defendant, $43,964.40 relates CPT Code 63047-59 which Defendant denied entirely. *Id*.

28. The remaining $25,859.30 in adjusted charges that were not covered by Defendant were deemed by Defendant to be "over the recognized charge." (See, **Exhibit D**.)

29. However, upon information and belief, under the terms of Patient's insurance plan, the recognized charge is calculated by applying the 90th percentile rate for the applicable geographic area, set forth in the Fair Health database.

30. Upon information and belief, Plaintiff's charges for the subject treatment are less than the 90th percentile of the applicable Fair Health database rate, and therefore no part of Plaintiff's charges are above the recognized charge under the terms of Patient's insurance plan.

31. Upon information and belief, under the terms of Patient's insurance plan, Plaintiff should have been reimbursed its full charges for the treatment performed on Patient, including for CPT Code 63047-59, after accounting for the industry standard 80% assistant surgeon reduction.

32. Therefore, Plaintiff should have been reimbursed a total of $99,271.20.

33. Plaintiff was only reimbursed $29,447.50, accounting for Patient's co-insurance liability. (See, **Exhibit D**.)

34. Plaintiff has thus been damaged in the total amount of $69,823.70.

35. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Plaintiff avers this Count to the extent ERISA governs this dispute.

38. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

39. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

40. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

41. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

42. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

45. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

46. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

47. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses

of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

48. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

49. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

50. Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

51. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $69,823.70;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under the insurance plan or policy issued by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
February 20, 2019

SCHWARTZ SLADKUS
REICH GREENBERG ATLAS LLP
*Attorneys for Plaintiff*

By: /s/ Michael Gottlieb
Michael Gottlieb
270 Madison Avenue
New York, New York 10016
(212) 743-7054

8